UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE KLEIN,

    Plaintiff,

v.                                                                        Case No: 8:22-cv-667-WFJ-AAS

RECEIVABLE MANAGEMENT
GROUP, INC.,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court on Plaintiff Stephanie Klein's Motion to Remand to State Court, Dkt. 8, in which Plaintiff asserts that she does not have Article III standing to present her case in federal court. Defendant Receivable Management Group, Inc. filed a response in opposition, Dkt. 11. Upon careful consideration, the Court finds that Plaintiff does not have standing and her motion is due to be granted.

    Plaintiff brought this lawsuit on February 15, 2022, in the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. Dkt. 1-2. In her complaint, Plaintiff alleges that Defendant violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 599.55 *et seq. Id.*

Asserting federal-question jurisdiction, Defendant removed the case to this Court on March 22, 2022. Dkt. 1.

A removing defendant bears the burden of proving a plaintiff has Article III standing to proceed in federal court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Concerning her sole federal claim, Plaintiff contends that she has not alleged an injury-in-fact that would give rise to standing. When the Court issued an interrogatory directly asking Plaintiff whether she has Article III standing to bring her FDCPA claim, Dkt. 9, Plaintiff responded "No," Dkt. 10. Defendant disagrees, citing Plaintiff's allegations of her fear of future harms and Defendant's disclosure of her private information to a third-party letter vendor. Dkt. 11 at 4−5.

The Court finds that Defendant has not carried its burden of showing Plaintiff has standing to pursue her claims in this Court. While Plaintiff's FDCPA claim alleges an injury-in-law, it does not allege an injury-in-fact. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (explaining that an injury-in-law is not an injury-in-fact). Other courts assessing similar claims under the FDCPA have found that, without more, allegations of emotional harm are insufficient to constitute concrete injuries. *See, e.g.*, *Ojogwu v. Rodenburg Law Firm*, 26 F.4th 457, 463 (8th Cir. 2022) ("fear of answering the telephone, nervousness, restlessness, irritability, amongst other negative emotions"); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) ("stress and confusion"); *Ross v.*

2

*O'Hara*, No. 2:18-CV-118-TLS, 2022 WL 951390, at *4−5 (N.D. Ind. Mar. 30, 2022) ("stress, fear, and anxiety"). Courts have reached the same conclusion regarding the disclosure of private information to third-party letter vendors in FDCPA cases. *See Sputz v. Alltran Fin., LP*, No. 21-CV-4663, 2021 WL 5772033, at *3 (S.D.N.Y. Dec. 5, 2021); *Brown v. Alltran Fin., LP*, No. 1:21-CV-595, 2022 WL 377001, at *5 (M.D.N.C. Feb. 8, 2022); *Quaglia v. NS193, LLC*, No. 21-C-3252, 2021 WL 7179621, at *3−4 (N.D. Ill. Oct. 21, 2021).

Given this case law, the parties' filings, and Plaintiff's interrogatory answer, the Court finds that Plaintiff lacks standing. The Court is therefore without subject matter jurisdiction and must remand this action to state court. *Esteves v. SunTrust Banks, Inc.*, 615 F. App'x 632, 636−37 (11th Cir. 2015).

Accordingly, Plaintiff's Motion to Remand to State Court, Dkt. 8, is **GRANTED**. The Clerk is directed to **REMAND** this case to the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. Thereafter, the Clerk is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on April 27, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record